# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 23-3219**

**September Term, 2023**

**1:22-cr-00303-ABJ-4**

**Filed On:** January 9, 2024

United States of America,

        Appellee

       v.

Andre Alonte Willis, also known as Boogie,

        Appellant

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**BEFORE:**    Katsas, Rao, and Garcia, Circuit Judges

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the memoranda of law and fact filed by the parties. The court has determined that the issues presented occasion no need for an opinion. See D.C. Cir. Rule 36. Upon consideration of the foregoing, the motion for leave to supplement the appendix under seal, and the lodged sealed supplemental appendix, it is

**ORDERED** that the motion for leave to supplement the appendix under seal be granted. The Clerk is directed to file the lodged supplemental appendix under seal. It is

**FURTHER ORDERED AND ADJUDGED** that the district court's October 11, 2023 order denying appellant's motion to reopen the detention hearing be affirmed. Appellant asserts that the district court's decision should be reviewed for clear error. See also United States v. Hale-Cusanelli, 3 F.4th 449, 454 (D.C. Cir. 2021) (stating that the court "review[s] release and detention orders pursuant to the Bail Reform Act, 18 U.S.C. § 3142 et seq., for clear error"). Assuming without deciding that a clear error standard applies, appellant has not demonstrated that the district court clearly erred by finding that he failed to identify any "information [that] exists that was not known to [him] at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure [his] appearance . . . as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2).

According to appellant, evidence produced by the government indicates that he and his co-defendants were involved in the sale of dogs, rather than firearms. But he has not supported that assertion by pointing to any specific evidence not known to him at the time of the detention hearing. In addition, to the extent appellant argues that a particular set of text messages between himself, a co-defendant, and another individual refer to the sale of a dog, he has not shown the district court clearly erred by concluding that the argument was "feeble" in light of other evidence – including additional text messages as well as guns, ammunition, drugs, and money recovered during searches. In its original decision, moreover, the district court had found that release conditions would reasonably assure neither appellant's appearance as required nor the safety of other individuals and the community. In this appeal, appellant has not argued that the district court clearly erred by finding that his motion to reopen failed to identify previously unknown information concerning the issue of flight risk.

Appellant's remaining arguments appear to challenge the district court's July 6, 2023 order denying his bond review motion. However, appellant did not file a notice of appeal until October 31, 2023 – after the order denying his motion to reopen – and the notice of appeal did not reference the July 6 order. Moreover, although the district court granted a motion by appellant for an extension of time to notice an appeal, the motion sought an extension only for an appeal from the October 11 order. Appellant has not responded to appellee's contention that the July 6 order was not timely appealed and is not properly before this court. Appellant therefore has forfeited the issue. See United States ex rel. Totten v. Bombardier Corp., 380 F.3d 488, 497 (D.C. Cir. 2004).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

FOR THE COURT:
Mark J. Langer, Clerk

BY:    /s/
Daniel J. Reidy
Deputy Clerk